IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT BURNHAM,

     Petitioner,

v.                                                 No. 25-cv-735-KG-JHR

RAUL TORREZ, Attorney General of New Mexico,

     Respondent.

<u>ORDER DENYING WITHOUT PREJUDICE MISCELLANEOUS MOTIONS</u>

This matter is before the Court on the following Motions filed by *pro se* Petitioner Robert Burnham: (1) Motion to Preclude Respondent Counsel and Sequester Witnesses (Doc. 3); (2) Motion for Evidentiary Hearing (Doc. 4); (3) Motion for Summary Disposition and Relief (Doc. 5); and (4) Motion for Targeted Discovery (Doc. 7).   Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 in which he challenges his state criminal conviction for Aggravated Assault (Deadly Weapon).   (Doc. 1) (Habeas Petition).   The Habeas Petition is before the Court for initial screening under Habeas Corpus Rules 1 and 4. Having reviewed Petitioner's Motions, the record of the case, and relevant law, the Court denies the Motions without prejudice for the reasons stated below.

In his Motion to Preclude Respondent Counsel and Sequester Witnesses, Petitioner asks the Court to "preclude specific counsel from representing the State of New Mexico and to sequester witnesses named in this proceeding."   (Doc. 3) at 1.   Petitioner argues that attorneys who are listed on Petitioner's witness list and were involved in Petitioner's underlying state criminal case should be precluded from representing the State of New Mexico in this habeas

action.  *Id.*  He further asks the Court to sequester a list of witnesses.  *Id.*  In his remaining Motions, Petitioner seeks an evidentiary hearing, for the Court to summarily grant his Habeas Petition, and for discovery relating to his claims.  *See* Motion for Evidentiary Hearing (Doc. 4), Motion for Summary Disposition and Relief (Doc. 5), and Motion for Targeted Discovery (Doc. 7).

Whenever a prisoner brings a proceeding seeking habeas corpus relief, the Court is obligated to screen the prisoner's petition.  Habeas Corpus Rule 4 provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Section 1997(e) of Title 42 further provides that a defendant may decline to reply to any action brought by an inmate until the Court orders a response.  *See* 42 U.S.C. § 1997e(g)(1)-(2).

The Court will screen this case pursuant to the Habeas Corpus Rule 4.  If the Habeas Petition survives screening, the Court will order Respondent to answer the Petition and to file relevant documents from the state court proceedings.  Petitioner will be permitted to file a response to Respondent's answer.  Thereafter, the Court may authorize discovery if the requesting party shows good cause and provides specific reasons supporting the request.  *See* Habeas Corpus Rule 6.  For these reasons, Petitioner's requests for sequestration of witnesses, hearings, discovery, and summary disposition are premature and unavailable prior to the Court's completion of its screening obligation.  Similarly, Petitioner's request to preclude certain attorneys from representing the State of New Mexico is premature and speculative.  An attorney has not yet entered an appearance on behalf of Respondent, and it is not clear at this stage of the proceedings whether Petitioner's claims will survive screening.  To the extent Petitioner asserts

2

he needs additional discovery to prepare his arguments in this case, the Court notes that the Habeas Petition pending before the Court contains adequate information to facilitate the Court's screening process.   If the Habeas Petition survives screening, the Court may consider whether and to what extent it is necessary to expand the record under Habeas Rule 7, or to otherwise direct Respondents to provide adequate access to materials needed for Petitioner to prosecute his habeas claims.

The Court will therefore deny Petitioner's pending Motions without prejudice.   If the Habeas Petition is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, expansion of the record, and scheduling.

IT IS THEREFORE ORDERED that Petitioner's Motion to Preclude Respondent Counsel and Sequester Witnesses (Doc. 3), Motion for Evidentiary Hearing (Doc. 4), Motion for Summary Disposition and Relief (Doc. 5), and Motion for Targeted Discovery (Doc. 7), are DENIED without prejudice.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.