IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT BURNHAM,

    Petitioner,

v.                                       No. 25-cv-735-KG-JHR

RAUL TORREZ, Attorney General of New Mexico,

    Respondent.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on *pro se* Petitioner Robert Burnham's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, in which he challenges his state criminal conviction for Aggravated Assault (Deadly Weapon).   (Doc. 1) (Habeas Petition).   Having reviewed the Habeas Petition pursuant to Habeas Corpus Rule 4, the Court will direct Respondent to file a limited answer within 45 days of entry of this Order, as set forth below.

On July 27, 2021, Petitioner was convicted by a jury of one count of Aggravated Assault (Deadly Weapon).   *See* Judgment and Sentence, filed in Case No. D-307-CR-2018-0203.[1]   On August 25, 2021, the State Judge sentenced Petitioner to a total period of incarceration of eleven months and 10 days, to be followed by 1 year parole and 1 year and 6 months supervised probation. *See id.*   Petitioner filed a direct appeal, and the New Mexico Court of Appeals affirmed the conviction and sentence on June 10, 2024.   *See* Memorandum Opinion, filed in Case No. A-1-CA-39983.   The New Mexico Supreme Court denied certiorari on August 29, 2024.   *See* Order, filed in Case No. S-1-SC-40482.

---

[1]  To better interpret the citations in the Habeas Petition, the Court took judicial notice of Petitioner's state court criminal dockets, Case Nos. D-307-CR-2018-0203, A-1-CA-39983, and S-1-SC-40482.   *See Mitchell v. Dowling,* 672 Fed. Appx. 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet.").

Petitioner filed his Habeas Petition in this Court on August 4, 2025.  (Doc. 1).  He raises the following claims: (1) Judicial interference and due process violation; (2) Prosecutorial misconduct; (3) Miranda violations and coerced statements; (4) Sentencing violations and over detention; and (5) Structural defects and enterprise coordination.  *Id.* at 1-2.  Petitioner states that he has "completed all terms of incarceration, parole, and probation related" to his conviction.  *Id.* at 96.  Nevertheless, he asserts he is suffering the following ongoing consequences of his conviction:

1. A permanent federal and state firearms disability under 18 U.S.C. § 922(g) and N.M.S.A. 1978 § 30-7-16;

2. Enrollment and retention of his DNA profile in the New Mexico DNA database;

3. Fingerprints and photographs retained by New Mexico and inability to obtain employment in the hospitality industry due to criminal background checks;

4. Ineligibility to obtain or maintain occupational licenses, bonding, or clearances required for professional work in New Mexico;

5. Civil disabilities impacting voting, jury service, and other civic participation; and

6. Inability to obtain any state-issued sheriff's card or firearms permit.

*Id.*

Based on the foregoing, the August 4, 2025 Habeas Petition appears to be filed within one year of when Petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A); *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001) (A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review.").  The Petition does not appear to be successive, and Petitioner alleges he exhausted state remedies.  However, it appears that Petitioner has completed serving his sentence and terms of parole and supervised probation.  To obtain habeas corpus relief under 28 U.S.C. § 2254, a petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

2254(a).   "[T]he traditional function of the writ is to secure release from illegal custody."   *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).   "The custody requirement is jurisdictional," and "is determined as of the time the habeas petition is filed."   *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009); *Dickey v. Allbaugh*, 664 Fed. Appx. 690, 692 (10th Cir. 2016).   Although a "petitioner need not … demonstrate actual, physical custody to obtain relief," the "state-court criminal conviction" must "subject the petitioner to severe restraints on [his or her] individual liberty," and a "restraint is severe when it is not shared by the public generally."   *Dickey*, 664 Fed. Appx. at 692-93 (citations omitted).

The Tenth Circuit has held that "collateral consequences of a conviction … with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement."   *Calhoun v. Att'y Gen. of Colorado*, 745 F.3d 1070, 1073-74 (10th Cir. 2014) (citing *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir.2008) (collecting cases)).   Circumstances that have been held to be collateral consequences of a conviction insufficient to satisfy the custody requirement include: payment of restitution or a fine; "inability to vote, engage in certain businesses, hold public office, or serve as a juror;" "revocation of a driver's license, medical license, or a license to practice law;" and disqualification as a real estate broker and insurance agent."   *Id.* (quoting *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir.2008) and *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir.1998) (collecting cases)).

Based on the foregoing, if Petitioner has fully completed his sentence, including any post-release supervision, this Court may lack jurisdiction.   Accordingly, the Court will direct Respondent to file a limited answer addressing:

1.   Whether Petitioner has fully completed his sentence; and

2.  Whether Petitioner is subject to any restraints on his liberty sufficient to satisfy the custody requirement of Section 2254, including whether any of Petitioner's asserted consequences satisfy the custody requirement (*see* Doc. 1 at 96).

IT IS THEREFORE ORDERED that the Clerk shall mail copies of this Order and the Habeas Petition (Doc. 1) to Respondent Attorney General of the State of New Mexico (AG) at the following address:

> Attn: Federal Habeas Attorney(s)
> New Mexico Department of Justice (formerly known as the Attorney General's Office)
> Criminal Appeals Division
> 201 Third St. NW, Suite 300, Albuquerque, NM 87102

IT IS FURTHER ORDERED that within forty-five (45) days of entry of this Order, Respondent must ANSWER the Habeas Petition (Doc. 1) as set forth above.   The AG must attach to its answer copies of all pertinent filings from the state trial court, the state court of appeals, and the state supreme court.

IT IS FURTHER ORDERED that Petitioner may file an optional reply within thirty (30) days after the answer is filed.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.   Electronically filed documents can be found on the Court's PACER public access system.