IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT BURNHAM,

Petitioner,

v. No. 25-cv-735-KG-JHR

RAUL TORREZ, Attorney General of New Mexico,

Respondent.

MEMORANDUM OPINION AND ORDER TO ANSWER

This matter is before the Court on *pro se* Petitioner Robert Burnham's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed August 4, 2025. (Doc. 1) (Habeas Petition). Petitioner challenges his state criminal conviction for Aggravated Assault (Deadly Weapon), and states that he has "completed all terms of incarceration, parole, and probation related" to his conviction, but continues to suffer ongoing consequences of the conviction. (Doc. 1) at 1-2, 96. On April 17, 2026, the Court ordered Respondent file a limited answer to address whether Petitioner fully completed his sentence and is subject to any restraints on his liberty sufficient to satisfy the custody requirement of Section 2254. (Doc. 11) at 3-4. Respondent's limited answer asserts that Petitioner "has fully completed his sentence, including any terms of probation and/or parole," and that he is not subject to any restraints on his liberty sufficient to satisfy the custody requirement of Section 2254. (Doc. 15). Nevertheless, Respondent attaches an exhibit titled "Certificate of Parole Discharge" dated May 12, 2026, which provides that Petitioner "fulfilled the obligations of parole from the required legal period of time" and is "discharged from parole and sentence by expiration of maximum sentence on February 11, 2026." (Doc. 15) at 22.

In his response to the limited answer, Petitioner contends this document satisfies the Section 2254 custody requirement because it demonstrates he was still subject to parole obligations at the time he filed his Habeas Petition. *See* (Doc. 16) at 1; *see also Mays v. Dinwiddie*, 580 F.3d 1136,

1139 (10th Cir. 2009) (Section 2254's custody requirement "is determined as of the time the habeas petition is filed."). The Court finds that Petitioner's arguments warrant a full review of the state record and will order an answer. In the answer, Respondent shall address the merits of the arguments raised in the Habeas Petition, and may additionally raise the issue of Section 2254's custody requirement in light of the Certificate of Parole Discharge, if Respondent continues to seek dismissal on those grounds.

IT IS THEREFORE ORDERED that the Clerk shall mail copies of this Order and the Habeas Petition (Doc. 1) to Respondent Attorney General of the State of New Mexico (AG) at the following address:

Attn: Federal Habeas Attorney(s)
New Mexico Department of Justice (formerly known as the Attorney General's Office)
Criminal Appeals Division
201 Third St. NW, Suite 300, Albuquerque, NM 87102

IT IS FURTHER ORDERED that within forty-five (45) days of entry of this Order, Respondent must ANSWER the Habeas Petition (Doc. 1) as set forth above. The AG must attach to its answer copies of all pertinent filings from the state trial court, the state court of appeals, and the state supreme court.

IT IS FURTHER ORDERED that Petitioner may file an optional reply within thirty (30) days after the answer is filed.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.